Damien RIVERO, Plaintiff—Appellant,

v.

Debra BROOKS; E.K. Mcdaniel; Don Nixon; Cody Pritchett; Thomas Allen, Defendants—Appellees.

No. 04–15334.

D.C. No. CV–01–00549–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2005.

Decided Dec. 23, 2005.

Damien Rivero, Ely, NV, pro se.

Jeffrey Willis, Esq., Jonathan M. Saffer, Esq., Snell & Wilmer, LLP, Tucson, AZ, for Plaintiff–Appellant.

Andrea Nichols, AGNV–Office of the Nevada Attorney General, Carson City, NV, for Defendant–Appellee.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge, concurring in part and dissenting in part.

## MEMORANDUM *

Damien Rivero filed an action under 42 U.S.C. § 1983 against E.K. McDaniel, warden of Nevada's Ely State Prison, and corrections officers Thomas Allen, Debra Brooks, Don Nixon, and Cody Pritchett.[1] He claims that the defendants violated his Eighth Amendment rights by failing to intervene more quickly in a prison assault upon him and violated his First Amendment right of access to the courts by confiscating his legal papers. The district

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Allen, Brooks, and McDaniel are the only defendants who remain at this stage of the proceedings. Rivero was unable to effect service against Pritchett, and Nixon failed to answer, prompting the entry of a default judgment against him.

court interpreted 42 U.S.C. § 1997e(a) to require full exhaustion of all claims and therefore dismissed the entire suit without prejudice because Rivero had failed to exhaust his administrative remedies on the First Amendment claim.

For the first time on appeal, Rivero argues that his property confiscation grievance did not question or challenge general prison policy or procedure and had therefore been fully exhausted at the third administrative level. We decline to consider this argument because it was not raised before the district court and no exceptional circumstances militate in favor of our reaching the argument's merits. *See Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir.1996). Therefore, we accept the district court's conclusion that Rivero's First Amendment claim was unexhausted.

In dismissing the entire action based on this unexhausted claim, the district court did not have the benefit of our recent decision in *Lira v. Herrera*, 427 F.3d 1164 (9th Cir.2005). Under *Lira*, when presented with a mixed complaint, a district court should only dismiss the unexhausted claims—not the entire suit—unless the mixed claims are intertwined. *Id.* at 1775. The district court properly dismissed Rivero's unexhausted First Amendment claim because it was not intertwined with his Eighth Amendment claim; the Eighth Amendment claim remains pending. *Id.* We therefore affirm in part, reverse in part and remand for further proceedings consistent with *Lira*.

Each party shall bear its own costs of appeal.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

KLEINFELD, Circuit Judge.

I concur in the majority's disposition except insofar as it concludes that Rivero failed to exhaust his claim that the prison officials illegally confiscated his legal papers. I respectfully dissent on that point because I think Rivero did exhaust his claim in the prison administrative process, and preserved it in district court.

Rivero did not take the papers claim to the fourth level of administrative review, but that was not a failure to exhaust. The fourth level was available only for challenges to a "general policy or procedure." Rivero was not challenging a general policy or procedure. Nothing in his pleadings indicates that he was attacking an official prison policy condoning the seizure of an inmate's legal documents, or even that there was such a policy. He complains that his legal papers were confiscated without justification and that some key documents were damaged or destroyed in the process. Because these are individualized complaints rather than disputes over the legitimacy of general policies or procedures, the fourth level of administrative review was not available to him.